UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. _____

JEAN LESTIN,

        Plaintiff,

v.

ROMERO BROTHERS LUMPER SERVICES,
LLC, a Florida limited liability company, and
RICHARD A. ROMERO, individually,

        Defendants.
_____/

**COMPLAINT FOR FAIR LABOR STANDARDS ACT VIOLATIONS**

Plaintiff, JEAN LESTIN, through undersigned counsel, files this Complaint against Defendants, ROMERO BROTHERS LUMPER SERVICES, LLC, a Florida limited liability company, and RICHARD A. ROMERO, individually, seeking unpaid minimum wage and overtime wages, and alleges:

**JURISDICTION AND VENUE**

1.    This is an action to recover money damages for unpaid minimum wages and unpaid overtime wages arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA" or the "Act").

2.    The Plaintiff was a resident of South Florida at the time this dispute arose. He is still a resident of South Florida.

3.    Defendant ROMERO BROTHERS LUMPER SERVICES, LLC ("Romero Brothers") is and at all times pertinent has been a Florida limited liability company that regularly conducts business within the Southern District of Florida, including, without limitation, a

1

warehouse utilized for its business in Weston, Florida. The company unloads, re-paletizes, and redistributes goods. That goods that Romero Brothers distributes arrive from, among other places, locations outside the State of Florida. The Defendants were Plaintiff's FLSA employer during the relevant time period described below.

4. This Court has subject matter jurisdiction pursuant to Section 216 of the FLSA. This Court has federal question jurisdiction under 28 U.S.C. § 1331 as this civil action arises under the laws of the United States.

5. Venue is proper under 28 U.S.C. § 1391 because the Defendant regularly conducts in the City of Weston, within Broward County, Florida and a substantial part of the events or omissions giving rise to this claim occurred in Broward County, Florida, within the jurisdiction of this Court.

6. Romero Brothers is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, Romero Brothers operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States, including via the internet, and also provides its services for goods sold and transported from across state lines of numerous other states, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

7. Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that traveled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standard Act.

8. Romero Brothers obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their

business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce.

9. Upon information and belief, the annual gross revenue of Romero Brothers was at all times material hereto in excess of $500,000.00 per annum.

10. By reason of the foregoing, Romero Brothers was, during all times relevant to this action, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

11. Defendant's business activities involve those to which the Act applies. Both the Defendant's business and Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce during the relevant time period because the materials and goods that Plaintiff used and handled on a constant and/or continual basis and/or that were supplied to him by Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Act applies to Plaintiff's work for the Defendant.

12. The individual Defendant, RICHARD ROMERO, is, upon information and belief, a resident of Miami-Dade County, Florida. Mr. Romero was an "employer," as defined in 29 U.S.C. § 203(d), as he had operational control over the Defendant corporation and was directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff. Defendant RICHARD ROMERO, an officer of the corporate Defendant, controlled the finances and employee pay for the corporate Defendant. Defendant RICHARD ROMERO hired

and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid wages required by the FLSA.

## COUNT I: MINIMUM WAGE VIOLATION
### (against both Defendants)

13. Plaintiff incorporates and re-adopts the allegations contained in paragraphs 1-12 above as if set out in full herein.

14. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2009, Federal minimum wage was raised to $7.25/hr. Florida's minimum wage was $8.25/hour in 2018 and was raised to $8.46/hour in 2019.

15. Although Plaintiff was misclassified as an independent contractor during his time working for Defendants, Plaintiff was actually employed by the Defendants as a non-exempt unloader and palletizer of dry goods (a job they called a "banger") from approximately the weeks ending September 7, 2018 through March 8, 2019.

16. Plaintiff typically worked 10 to 12 hours per day, but Defendants did not utilize a timeclock to track the exact amount of time worked by Plaintiff nor did they have Plaintiff complete and sign timesheets to track the number of hours actually worked by Plaintiff.

17. During Plaintiff's employment with Defendants, he worked hours for which he was either not compensated at all or for which he was compensated at less than the minimum wage.

18. In addition, one at least one occasion (notably for the pay period ending December 21, 2018 for which Plaintiff was not paid until March 2018), Defendants did not timely pay Plaintiff, in violation of FLSA's timely pay provisions.

19. Plaintiff generally worked either 5 or 6 days each week for Defendants.

20. It is estimated that Plaintiff is owed approximately $2,046.29 in unpaid minimum wage compensation based on the calculations attached hereto, exclusive of liquidated damages, attorneys' fees, and costs.

21. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

22. Because of Defendants' willful, intentional, and reckless violations of the FLSA's minimum wage provisions, and particularly as Defendants have previously been sued under the FLSA for similar violations, Plaintiff is entitled to liquidated damages.

23. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. 216(b).

## COUNT II: OVERTIME VIOLATIONS
### (against both Defendants)

24. Plaintiff incorporates and re-adopts the allegations contained in paragraphs 1-12 above as if set out in full herein.

25. 29 U.S.C. §207(a)(1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

26. During Plaintiff's employment with Defendants, when Plaintiff worked in excess of forty (40) hours in a single work week, he was not always compensated at the statutory rate of time and one-half the applicable minimum wage for those hours.

27. It is estimated that Plaintiff is owed approximately $1,931.16 in unpaid overtime compensation based on the calculations attached hereto, exclusive of liquidated damages, attorneys' fees, and costs.

28. Because of Defendants' willful, intentional, and reckless violations of the FLSA's minimum wage provisions, and particularly as Defendants have previously been sued under the FLSA for similar violations, Plaintiff is entitled to liquidated damages.

29. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment for Plaintiff against Defendants on the basis of the Defendant's willful violations of the Act, award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty weekly, award Plaintiff an equal amount in liquidated damages plus liquidated damages for amounts untimely paid, award Plaintiff reasonable attorneys' fees and costs of suit, and grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: January 24, 2020                    Respectfully Submitted,

*/s/ Harris Nizel*
HARRIS NIZEL (Florida Bar No.: 0807931)
Email: harris@nizel.com
Nizel Law, P.A.
4700 Sheridan St., Suite J
Hollywood, FL 33021
Telephone: (954) 653-8300
*Counsel for Plaintiff*

Jean Lestin - Approximate Pay Calculations

| Week Ending | Approximate Hours | Wage Paid | Min Wage | Min Wage Owed | Approximate Overtime Hours | Overtime Rate | Overtime Owed | Note |
|---|---|---|---|---|---|---|---|---|
| 9/7/2018 | 63 | $105.00 | $8.25 | $414.75 | 23 | $4.13 | $94.88 | |
| 9/14/2018 | 63 | $0.00 | $8.25 | $519.75 | 23 | $4.13 | $94.88 | |
| 9/21/2018 | 63 | $577.50 | $8.25 | $0.00 | 23 | $4.13 | $37.13 | |
| 9/28/2018 | 63 | $525.00 | $8.25 | $0.00 | 23 | $4.13 | $89.63 | |
| 10/5/2018 | 63 | $183.75 | $8.25 | $336.00 | 23 | $4.13 | $94.87 | |
| 10/26/2018 | 63 | $530.00 | $8.25 | $0.00 | 23 | $4.13 | $84.63 | |
| 11/2/2018 | 63 | $525.00 | $8.25 | $0.00 | 23 | $4.13 | $89.63 | |
| 11/9/2018 | 72 | $525.00 | $8.25 | $69.00 | 32 | $4.13 | $132.00 | |
| 11/16/2018 | 63 | $525.00 | $8.25 | $0.00 | 23 | $4.13 | $89.63 | |
| 11/23/2018 | 63 | $345.00 | $8.25 | $174.75 | 23 | $4.13 | $94.88 | |
| 11/30/2018 | 63 | $575.00 | $8.25 | $0.00 | 23 | $4.13 | $39.63 | |
| 12/7/2018 | 63 | $402.50 | $8.25 | $117.25 | 23 | $4.13 | $94.88 | |
| 12/14/2018 | 63 | $431.25 | $8.25 | $88.50 | 23 | $4.13 | $94.88 | |
| 12/21/2018 | 63 | $546.25 | $8.25 | $0.00 | 23 | $4.13 | $68.38 | Wages paid late in March 2019 |
| 12/28/2018 | 63 | $460.00 | $8.25 | $59.75 | 23 | $4.13 | $94.88 | |
| 1/4/2019 | 63 | $431.25 | $8.46 | $101.73 | 23 | $4.23 | $97.29 | |
| 1/11/2019 | 63 | $575.00 | $8.46 | $0.00 | 23 | $4.23 | $55.27 | |
| 1/18/2019 | 63 | $575.00 | $8.46 | $0.00 | 23 | $4.23 | $55.27 | |
| 1/25/2019 | 63 | $460.00 | $8.46 | $72.98 | 23 | $4.23 | $97.29 | |
| 2/1/2019 | 63 | $488.75 | $8.46 | $44.23 | 23 | $4.23 | $97.29 | |
| 2/8/2019 | 60 | $460.00 | $8.46 | $47.60 | 20 | $4.23 | $84.60 | |
| 2/15/2019 | 60 | $517.50 | $8.46 | $0.00 | 20 | $4.23 | $74.70 | |
| 2/22/2019 | 60 | $517.50 | $8.46 | $0.00 | 20 | $4.23 | $74.70 | |
| 3/1/2019 | 63 | $517.50 | $8.46 | $15.48 | 23 | $4.23 | $97.29 | |
| 3/8/2019 | 27 | $424.65 | $8.46 | $228.42 | 0 | $4.23 | $0.00 | |
| Sum | | | | $2,046.29 | | | $1,931.16 | |
| Liquidated Damages | | | | $2,046.29 | | | $1,931.16 | |
| Liquidated Damages for 12/21/18 Late Payment | | | | $519.75 | | | | |
| Totals with liquidated damages | | | | **$4,612.33** | | | **$3,862.32** | |
| Total Owed exclusive of attorneys' fees + costs: | | | | | | | **$8,474.65** | |